IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Fred Fotouhi,**

        **Plaintiff,**

v.                                                       Case No. 15-2587-JWL

**Mobile RF Solutions, Inc.;**
**Wireless Site Services, Inc.;**
**and Brian Troia,**

        **Defendants.**

## MEMORANDUM & ORDER

Plaintiff Fred Fotouhi filed a state court petition against defendants for breach of contract and failure to pay wages after defendants terminated Mr. Fotouhi's employment as Chief Executive Officer of defendant Mobile RF Solutions, Inc. Defendants timely removed the case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. As set forth in the removal notice, defendant Mobile RF Solutions, Inc. is a Nebraska corporation with its principal place of business in Nebraska; defendant Wireless Site Services, Inc. is a Nebraska corporation with its principal place of business in Colorado; and defendant Brian Troia is a resident of Nebraska. According to defendants, then, complete diversity exists because plaintiff, as alleged in the state court petition, is a citizen and resident of Kansas.

This matter is presently before the court on plaintiff's motion to remand (doc. 8). In his motion, plaintiff asserts that complete diversity does not exist because defendant Mobile RF

Solutions, Inc. has its principal place of business in Kansas.[1]  In support of his argument, plaintiff submits several exhibits in which defendants represent that Mobile RF Solutions, Inc. is "headquartered" in Kansas.  In plaintiff's July 2013 employment agreement, for example, the parties agree that plaintiff "will be employed at the headquarters office of the Company in the Kansas City area."  Plaintiff avers that the Overland Park, Kansas office in which he worked is Mobile RF Solutions, Inc.'s only office in the Kansas City area.  In addition, an August 2014 organizational chart of the company indicates that all reporting lines for Mobile RF Solutions, Inc. report to the Overland Park, Kansas office.  Finally, plaintiff points to a September 2013 press release issued by defendant Mobile RF Solutions, Inc. stating that it is "headquartered in the heart of the Midwest in Overland Park, Kansas."  Based on this evidence, and plaintiff's affidavit indicating that he directed, controlled and coordinated Mobile RF Solutions, Inc.'s activities from Overland Park, Kansas until his termination in September 2014, plaintiff contends that Overland Park is clearly Mobile RF Solutions, Inc.'s principal place of business for diversity purposes.  In response to the motion to remand, defendants contend that plaintiff's evidence is deficient because it does not speak to Mobile RF Solutions, Inc.'s citizenship as of January 20, 2015 when plaintiff filed his state court petition.  Defendants further contend that they have established complete diversity through Brian Troia's affidavit which demonstrates that, on January 20, 2015, Mobile RF Solutions, Inc.'s principal place of business was located in Nebraska.

---

[1] The citizenship of all other parties is not disputed and the parties agree that the amount in controversy exceeds $75,000.00.

The time-of-filing rule "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing." *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004) (characterizing the rule as hornbook law). Thus, subject matter jurisdiction in this case hinges on the citizenship of defendant Mobile RF Solutions, Inc. on January 20, 2015—the date on which plaintiff filed his petition in state court—and defendants bear the burden of establishing that Mobile RF Solutions, Inc. had its principal place of business in Nebraska (or, at least, not in Kansas) at that time. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) (burden of persuasion for establishing diversity jurisdiction is on the party asserting it); *Altaire Pharmaceuticals, Inc. v. Rose Stone Enterprises*, 2013 WL 6235862, at *4 (E.D.N.Y. Dec. 3, 2013) (assessing principal place of business under time-of-filing rule). If so, then none of the defendants are Kansas citizens and complete diversity exists between the parties.

"When evaluating diversity jurisdiction, a corporation is considered domiciled where it is incorporated and where it has its 'principal place of business,' 28 U.S.C. § 1332(c)(1), which the Supreme Court defines as 'the place where a corporation's officers direct, control and coordinate the corporation's activities.'" *Newsome v. Gallacher*, 722 F.2d 1257, 1267 (10th Cir. 2013) (quoting *Hertz*, 559 U.S. at 92-93). The *Hertz* Court further described a corporation's principal place of business as follows:

> It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

3

*Hertz*, 559 U.S. at 93.

In his affidavit, Mr. Troia avers that he founded Mobile RF Solutions, Inc. in 2010; that he currently serves as the Chief Executive Officer of Mobile RF Solutions, Inc.; and that he has personal knowledge of Mobile RF Solutions, Inc.'s operations. Mr. Troia avers that as of January 20, 2015, he directed, controlled and coordinated all business activities of Mobile RF Solutions, Inc. and that he did so from his office in Omaha, Nebraska. According to Mr. Troia, all managers, vice presidents or other executive-level employees report to him and he makes all day-to-day operational decisions, including strategic direction decisions, in Omaha, Nebraska where he offices. Finally, Mr. Troia avers that the Overland Park office, as of January 20, 2015, is simply a "shell" office; that no documents are located in the cabinet files contained in that office; and that the "primary employee who might work out of that office, as of January 20, 2015, principally works out of her home in Missouri and does not even go into the Kansas office on a daily basis." Plaintiff has come forward with no evidence addressing Mobile RF Solutions, Inc.'s principal place of business as of January 20, 2015.

Plaintiff contends that Mr. Troia's affidavit cannot satisfy defendants' burden of establishing diversity jurisdiction because it is "self-serving," suggesting that the testimony contained therein is somehow incompetent. This argument appears to refer to uncorroborated statements of fact or opinion which are favorable to defendants. But the court evaluates the validity of affidavit testimony not by examining whom the testimony serves, but rather by examining whether the testimony relates specific, personalized facts within the affiant's knowledge. Plaintiff has not shown that the "self-serving" portions of Mr. Troia's affidavit fail to satisfy this standard. While plaintiff also complains that Mr. Troia relies on "dated"

4

documents that do not necessarily establish Mobile RF Solutions, Inc.'s principal place of business, the court has not relied on those portions of Mr. Troia's affidavit or the documents attached to it.

In sum, the court concludes that defendants, through Mr. Troia's affidavit, have established that Mobile RF Solutions, Inc.'s principal place of business at the time of filing was located in Nebraska. Because complete diversity exists between the parties, removal was appropriate and remand is not required.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to remand (doc. 8) is denied.

**IT IS SO ORDERED.**

Dated this 27th day of March, 2015, at Kansas City, Kansas.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge